NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2628
_____

ANTIONETTE TORI BRYANT,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-20-cv-00727)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 27, 2022

Before: HARDIMAN, NYGAARD and FISHER, *Circuit Judges*.

(Filed: May 26, 2022)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Antionette Bryant appeals an order of the United States District Court for the Western District of Pennsylvania affirming the Commissioner of Social Security's denial of her application for Supplemental Security Income ("SSI").[1] The Commissioner concluded Bryant was not disabled from the date her application was filed, September 16, 2014, through March 26, 2018. Because the Commissioner's decision was supported by substantial evidence, we will affirm.

"The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision."[2] "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Commissioner uses a five-step process for evaluating disability claims.[4] On appeal, Bryant argues that the Administrative Law Judge (ALJ) erred at steps three and five. We therefore address the ALJ's findings at those steps.

At step three, the ALJ must determine whether the individual's impairment "meets, or medically equals" an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[5] If it does, and if it has lasted or is expected to last for at least a year, "the

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291.

[2] *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *see also* 42 U.S.C. § 405(g).

[3] *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 633 (3d Cir. 2010) (citations and quotation marks omitted).

[4] 20 C.F.R. § 416.920(a)(4).

[5] *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 502 (3d Cir. 2009); 20 C.F.R. § 416.925(a).

claimant qualifies as disabled."[6] Bryant argues that at step three, the ALJ incorrectly evaluated the symptoms, including pain, associated with her Chiari malformation,[7] hyperkeratosis on her feet,[8] arthritis, and depression. Bryant further argues the record establishes that she suffered from a *per se* disability—meaning she was unable to perform "any gainful activity"—because of her depression.[9]

The ALJ, however, considered Bryant's symptoms and medical reports and determined that they did not establish a *per se* disability under Appendix 1.[10] As to Bryant's Chiari malformation, the ALJ "reviewed all potentially applicable listings" in Appendix 1 and concluded that Bryant's symptoms "during the relevant timeframe [did] not reach a level of severity . . . sufficient to medically equal any of the[] listings."[11] The ALJ noted that Bryant's balance issues and headaches due to her Chiari malformation improved following surgery in September 2017.[12] In addition, although Bryant visited a podiatrist for her hyperkeratosis in November 2016, the ALJ found "no record of any

---

[6] *Diaz*, 577 F.3d at 502; 20 C.F.R. §§ 404.1509, 416.909.

[7] Chiari malformation "involves fluid building up between the brain and spinal cord." A.R. 542.

[8] Hyperkeratosis is a "thickening of the skin . . . , *i.e.*, callouses." A.R. 538.

[9] 20 C.F.R. §§ 416.925(a) ("[Appendix 1] . . . describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.") & 416.972(b) ("Gainful work activity is work activity that you do for pay or profit.").

[10] *See* A.R. 539.

[11] *Id.* at 539.

[12] *Id.*

follow-up with the podiatrist after this one visit during the period under adjudication."[13] The ALJ likewise concluded Bryant's arthritis symptoms were "mild" based on x-rays and a doctor's report.[14] Bryant was therefore unable to meet the duration requirement of twelve months for these impairments.[15]

Finally, the ALJ found that Bryant's depression symptoms did not meet the criteria set forth in the relevant part of Appendix 1.[16] In support, the ALJ found that Bryant was able to perform a wide range of day-to-day tasks, help her family, and attend to her personal affairs.[17] For these reasons the ALJ concluded that Bryant's limitations from her depression were, at most, mild or moderate, and that there was no evidence, as required to match the Appendix 1 listing, that Bryant received ongoing "medical treatment" and had attained only "marginal adjustment."[18] The ALJ's finding at step three that Bryant's impairments did not "meet[] or equal[] a listed impairment in appendix 1" was thus supported by substantial evidence.[19]

---

[13] *Id.* at 538.
[14] *Id.*
[15] *Id.* 538–39; 20 C.F.R. § 416.920(d).
[16] A.R. at 539–41;  20 C.F.R. pt. 404, subpt. P, app. 1, listing 12.04, paras. B & C.
[17] A.R. at 540; 20 C.F.R. § 416.929(c)(3)(i) (providing that an ALJ may consider a claimant's "daily activities" when evaluating her symptoms).
[18] A.R. at 540.
[19] *See* 20 C.F.R. § 416.920(d).

At step five, the ALJ considers a claimant's "residual functional capacity and . . . age, education, and work experience."[20] If a claimant can adjust to other work, she is not disabled; if she cannot adjust, she is disabled.[21]

Bryant's argument here is somewhat undefined, but to the extent she argues the ALJ erred in concluding she was able to perform "light work,"[22] we disagree. The ALJ "considered all [of Bryant's] symptoms and the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence."[23] And while the ALJ acknowledged that Bryant suffered from chronic obstructive pulmonary disease, lumbar degenerative disc disease, back pain, Chiari malformation, and depression, her symptoms did not preclude her from "all work activity on a continuing and regular basis."[24] In making this determination, the ALJ reviewed the record and concluded that "the objective medical evidence does not support the alleged severity of [her] symptoms."[25] The ALJ found that, during the relevant time period, Bryant was able to cook, clean, shop, and use public transportation without help from others.

Based on this evidence, the ALJ agreed with the state agency psychological consultant and a vocational expert that Bryant retained the ability to perform "[full time]

---

[20] § 416.920(a)(4)(v).
[21] *Id.*
[22] A.R. at 541; 20 C.F.R. § 416.967(b).
[23] A.R. at 542.
[24] *Id.* at 546.
[25] *Id.* at 548.

jobs that existed in significant numbers in the national economy" such as "retail marker," "photocopy machine operator," and "electrical accessories assembler."[26] The ALJ's finding at step five was thus supported by substantial evidence.[27]

In sum, Bryant asks us to reweigh the evidence she produced during her administrative proceedings. However, we "may not weigh the evidence or substitute [our own] conclusions for those of the fact-finder."[28] Rather, our task is to determine whether the ALJ's decision was supported by adequate evidence.[29] It was here. Therefore, we will affirm.

---

[26] *Id.* at 547–49.

[27] *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (explaining that the threshold for substantial evidence "is not high").

[28] *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted and alteration in original).

[29] *Biestek*, 139 S. Ct. at 1154.